Todd J. Krakower (TK-4568)
KRAKOWER DICHIARA LLC
100 Church Street, 8th Fl.
New York, New York  10007
Telephone: (201) 746-6333
Fax: (347) 765-1600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

|  |  |
|---|---|
| **MARIAN TOTORA,** | **COMPLAINT** |
| **Plaintiff,** | |
| -against- | _____-cv-_____ (\_\_\_) |
| **514 WEST 168 STREET, LLC d/b/a EDGE HOTEL**, | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

-----------------------------------------------------------------x

Plaintiff, MARIAN TOTORA, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendant 514 WEST 168 STREET, LLC d/b/a EDGE HOTEL ("EDGE HOTEL" or "Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); Defendant's violations of New York Labor Law, N.Y. Lab. Law §§ 650, *et seq.* ("NYLL"); and Defendant's violations of all other appropriate rules, regulations, and statutes.

## JURISDICTION AND VENUE

2.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

3.      This Court has supplemental jurisdiction over the New York state law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Defendant Edge Hotel**

6.      Defendant Edge Hotel is a limited liability corporation organized and existing under the laws of the State of New York.

7.      Defendant Edge Hotel maintains executive offices and/or a principal place of business at 514 West 168th Street, New York, New York, in Manhattan County.

8.      At times relevant to this Complaint, Defendant Edge Hotel (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials

that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

9. At all times relevant to this Complaint, Defendant Edge Hotel was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff Marian Totora..

10. At all times relevant to this Complaint, Defendant Edge Hotel was and is an employer within the meaning of the NYLL § 190(3) and § 651(6) and, at all times relevant to this Complaint, employed Plaintiff Marian Totora.

11. At all times relevant to this Complaint, Defendant Edge Hotel routinely conducted, and continues to routinely conduct, business within the State of New York and within the County of Manhattan.

**Plaintiff Marian Totora**

12. Plaintiff Marian Totora ("Plaintiff") is an adult individual who is a resident of Bergen County in the State of New Jersey.

13. Plaintiff was employed by Defendant from on or about August 2015 until May 10, 2019.

## FACTS

14. Defendant undertook the following acts and omissions knowingly, willfully, and intentionally.

15. All actions and omissions described in this Complaint were made by Defendant directly and/or through its supervisory employees and agents.

**Wage and Hour Violations**

3

16.     Plaintiff was employed by Defendant as a front desk agent from August 2015 until October 2018.

17.     Plaintiff was employed by Defendants as a front desk manager from October 2018 until May 10, 2019.

18.     Throughout Plaintiff's employment, he was employed in a non-overtime exempt position.

19.     Although Plaintiff had the title of "manager" during the final months of his employment, Plaintiff continued to perform the non-overtime exempt duties of a front desk agent.

20.     Throughout Plaintiff's employment, he was entitled to overtime pay.

21.     At all times relevant to this Complaint, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

22.     Throughout Plaintiff's employment, he was scheduled to work eight (8)-hour shifts, five (5) times per week.

23.     In addition to Plaintiff's scheduled shifts, Plaintiff was additionally required to provide coverage for front desk agents that called out and/or were unable to work.

24.     Defendant knew Plaintiff worked a significant number additional shifts.

25.     Defendant failed to compensate Plaintiff for any additional shifts worked.

26.     Each additional shift worked by Plaintiff was eight (8) hours.

27.     In May 2016, Plaintiff worked at least four (4) uncompensated shifts.

28.     In June 2016, Plaintiff worked at least two (2) uncompensated shifts.

29.     In July 2016, Plaintiff worked at least two (2) uncompensated shifts.

30.     In October 2016, Plaintiff worked at least two (2) uncompensated shifts.

31.     In November 2016, Plaintiff worked at least thirteen (13) uncompensated shifts.

32.     In December 2016, Plaintiff worked at least nineteen (19) uncompensated shifts.

33.     In February 2017, Plaintiff worked at least eleven (11) uncompensated shifts.

34.     In March 2017, Plaintiff worked at least five (5) uncompensated shifts.

35.     In April 2017, Plaintiff worked at least nine (9) uncompensated shifts.

36.     In May 2017, Plaintiff worked at least six (6) uncompensated shifts.

37.     In June 2017, Plaintiff worked at least five (5) uncompensated shifts.

38.     In July 2017, Plaintiff worked at least eight (8) uncompensated shifts.

39.     In August 2017, Plaintiff worked at least eleven (11) uncompensated shifts.

40.     In September 2017, Plaintiff worked at least four (4) uncompensated shifts.

41.     In October 2017, Plaintiff worked at least six (6) uncompensated shifts.

42.     In November 2017, Plaintiff worked at least eleven (11) uncompensated shifts

43.     In December 2017, Plaintiff worked at least fourteen (14) uncompensated shifts.

44.     In January 2018, Plaintiff worked at least eight (8) uncompensated shifts.

45.     In February 2018, Plaintiff worked at least eight (8) uncompensated shifts.

46.     In March 2018, Plaintiff worked at least twelve (12) uncompensated shifts.

47.     In April 2018, Plaintiff worked at least twelve (12) uncompensated shifts.

48.     In May 2018, Plaintiff worked at least eleven (11) uncompensated shifts.

49.     In June 2018, Plaintiff worked at least eleven (11) uncompensated shifts.

50.     In July 2018, Plaintiff worked at least thirteen (13) uncompensated shifts.

51.     In August 2018, Plaintiff worked at least twelve (12) uncompensated shifts.

52.     In September 2018, Plaintiff worked at least nine (9) uncompensated shifts.

53.     In October 2018, Plaintiff worked at least twelve (12) uncompensated shifts.

54.     In November 2018, Plaintiff worked at least ten (10) uncompensated shifts.

55.     In December 2018, Plaintiff worked at least nine (9) uncompensated shifts.

56.     In January 2019, Plaintiff worked at least nine (9) uncompensated shifts.

57.     In February 2019, Plaintiff worked at least eleven (11) uncompensated shifts.

58.     In March 2019, Plaintiff worked at least eighteen (18) uncompensated shifts.

59.     In April 2019, Plaintiff worked at least seventeen (17) uncompensated shifts.

60.     In addition to Plaintiff's regularly scheduled hours, Defendant required Plaintiff to begin working prior to his scheduled start time and to continue working after his scheduled end time.

61.     Throughout Plaintiff's employment, Plaintiff was required to begin working thirty (30) minutes before his scheduled start time.

62.     Throughout Plaintiff's employment, even on days that Plaintiff did not cover extra shifts Plaintiff worked one-two hours beyond his scheduled shift.

63.     Defendant regularly required Plaintiff to work through his lunch break.

64.     As a result, Plaintiff regularly worked sixty (60) to eighty (80) hours per week.

65.     From August 2015 until early 2016, Plaintiff was compensated on an hourly basis.

66.     While Plaintiff was compensated on an hourly basis, Defendant failed to compensate Plaintiff for any hours worked in excess of his scheduled shifts.

67.     From early 2016 until May 10, 2019, Plaintiff was compensated on a salary basis.

68.     While Plaintiff was compensated on a salary basis, Plaintiff was compensated the same amount each pay period regardless of the number of hours he actually worked.

69.     Both the FLSA and NYLL require employers to compensate employees at one and one half their hourly rate for all hours worked over forty (40) in a workweek.

70.     While employed by Defendant, Plaintiff was not compensated for all hours worked.

71.     Defendant failed to compensate Plaintiff for any hours in excess of forty (40) hours in a workweek.

72.     Throughout Plaintiff's employment at Edge Hotel, Plaintiff was not compensated time and a half for any hours worked in excess of forty (40) per week.

73.     Throughout Plaintiff's employment at Edge Hotel, Defendant failed to pay Plaintiff overtime wages for any hours worked in excess of forty (40) in a workweek in violation of the NYLL and the FLSA.

74.     Defendant failed to create and maintain accurate time records as required by the NYLL.

## FIRST CLAIM FOR RELIEF
**(FLSA Hourly Wage and Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**

75.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

76.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.   At all relevant times, Defendant employed employees, including Plaintiff.

77.     During the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

78.     At all times relevant to this Complaint, Plaintiff was not exempt from overtime under the Fair Labor Standards Act.

79.     At all times relevant to this Complaint, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay employees, including Plaintiff, overtime pay.

80.     Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for hourly wage and overtime wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Violations of the
### New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,)

81.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

82.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

83.     During the period of Plaintiff's employment with Defendant, Defendant willfully, regularly and repeatedly failed to pay Plaintiff for actual time worked at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

84.     Plaintiff was not exempt from overtime under New York Labor Law.

85.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered on his behalf in accordance with the above claimed causes of action and requests the following:

A.     All compensatory and economic damages;

B.     All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as

provided by statutes, and other relief, both in law and equity, to which

Plaintiff may show himself justly entitled;

C.     All punitive and statutory damages authorized by law;

D.     Pre-judgment and post-judgment interest; and

E.     Such further relief as the Court finds just and proper.


**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect

to which he has a right.


Dated: Park Ridge, NJ
     January __, 2020

Respectfully submitted,

**KRAKOWER DICHIARA LLC**

By:

_____
Todd J. Krakower

100 Church Street, 8th Floor
New York, NY 10007
T: (201) 746-6333
F: (347) 765-1600

*Attorneys for Plaintiff*